1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   THEON OWENS,                          No.  2:19-CV-1683-MCE-DMC-P

12              Plaintiff,

13         v.                              ORDER

14   D. BANUELOS, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).

19              The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                          **I.  PLAINTIFF'S ALLEGATIONS**

8                  Plaintiff, Theon Owens, is an inmate at California Health Care Facility. Plaintiff

9   names the following defendants: (1) D. Banuelos, Corrections Officer at CSP Sacramento, (2) R.

10   Jimenez, Corrections Officer at CSP Sacramento, (3) M. Vang, Corrections Officer at CSP

11   Sacramento, (4) R. Haynie, Corrections Lieutenant at CSP Sacramento, (5) A. Brewer,

12   Corrections Officer at CSP Sacramento, and (6) J. Peterson, Chief Disciplinary Officer at CSP

13   Sacramento.[1]

14                  Plaintiff claims that Officer Banneulos, Officer Jimenez, and Officer Vang

15   violated his Eighth Amendment rights by using excessive force. Plaintiff claims that on

16   November 3, 2015, he refused to return a pair of handcuffs until he was allowed to speak to a

17   sergeant. Plaintiff alleges that Officer Banuelos then reached through the cuff port, grabbed the

18   handcuffs, and yanked them towards the cell door. Plaintiff claims that the motion pulled

19   plaintiff's entire left arm and hand through the cuff port which caused plaintiff extreme pain.

20   Plaintiff also claims that the motion caused his body to slam into the cell door. Plaintiff alleges

21   that Officer Banuelos then told Officer Vang to spray plaintiff with a chemical agent, and that

22   Officer Vang sprayed plaintiff in the face and yelled out for someone to sound an alarm. Plaintiff

23   claims that Officer Jimenez then ran into the area and also sprayed plaintiff with chemical agents

24   that hit plaintiff's shoulder. Plaintiff claims that Officer Jimenez told plaintiff "fuck you" as he

25   sprayed him. ECF No. 1, pg. 7. Plaintiff also alleges that Officer Jimenez grabbed plaintiff's left

26   hand and bent it at the wrist area, which caused plaintiff to experience even more pain. Plaintiff

27   _____

28          [1]      The Clerk of the Court will be directed to update the docket to reflect that A. Brewer and J. Peterson are named defendants.

2

1   claims Officer Jimenez told the other officers "fuck him" in reference to plaintiff and gouged his

2   fingers down the entirety of plaintiff's left arm. Id. Plaintiff claims that the events did not stop

3   until the sergeant arrived and asked plaintiff if he was okay. Plaintiff then received medical

4   attention and completed an excessive force interview. Plaintiff claims he suffered abrasions,

5   scratches, cuts, lacerations, slashes, swelling, permanent scarring, extreme pain, and emotional

6   distress as a result of the incident.

7          Plaintiff also alleges that Officers Banuelos, Officer Vang, Officer Jimenez, and

8   Lieutenant Haynie violated his Fourteenth Amendment due process rights by conspiring to

9   conceal their unlawful use of force against plaintiff and refusing to allow plaintiff to present a

10  defense at his disciplinary hearing. Plaintiff claims that Officer Banuelos, Officer Vang, and

11  Officer Jimenez fabricated an incident report that falsely stated plaintiff assaulted a peace officer.

12  Plaintiff alleges that he was not given the opportunity to present a defense during his December 9,

13  2015 hearing on the fabricated claims. Plaintiff claims that the Senior Hearing Officer would not

14  accept plaintiff's witness-affidavits because plaintiff assisted other inmates with spelling and

15  writing out the documents. Plaintiff claims that although he told the Senior Hearing Officer that

16  the witnesses still signed their own name to the document to confirm it was their personal account

17  of the events and that no known prison policy prohibits prisoners from writing out witness

18  statements, the Senior Hearing Officer still refused to accept plaintiff's affidavits. Plaintiff claims

19  that he was found guilty due to the false allegations and his inability to present a defense.

20          Plaintiff alleges that he immediately appealed the wrongful conviction. Plaintiff

21  claims that Lieutenant Haynie acted as the Second Level Reviewer and interviewed plaintiff as

22  well as Officers Banuelos, Vang, and Jimenez. Plaintiff alleges that Lieutenant Haynie knowingly

23  ignored the violation of plaintiff's constitutional rights and upheld the ruling of the Senior

24  Hearing Officer. Plaintiff alleges that defendant Chief Disciplinary Officer Peterson also

25  reviewed the disciplinary hearing findings and upheld the actions taken by the Senior Hearing

26  Officer despite the actions being unconstitutional. Plaintiff claims that he then appealed the

27  decision once again to the Chief Office of Appeals, who overturned the guilty finding and ordered

28  the Rules Violation Report (RVR) to be reheard.

Plaintiff also claims that Officer Banuelos violated his First Amendment rights by retaliating against him for filing a grievance. Plaintiff claims that Officer Banuelos became upset with plaintiff after he discovered plaintiff filed a grievance complaint. Plaintiff alleges that Officer Banuelos then told plaintiff he knew about the complaint and that plaintiff would suffer as a result of the grievance. When plaintiff asked Officer Banuelos what he meant by that statement, Officer Banuelos allegedly stated "you'll find out." See ECF No. 1, pg. 16. Plaintiff claims that Officer Banuelos then changed his complaint against plaintiff to allege more serious charges. Plaintiff alleges that a hearing for the new fabricated allegations was held on June 18, 2016. Plaintiff claims that the Senior Hearing Officer dismissed Banuelos's claim because the staff were not allowed to change their reports after a report had already been reviewed and scanned into records. Plaintiff claims that despite the fact that both reports were filed two years ago, prison staff have not removed the incident reports from plaintiff's files. Plaintiff alleges that the incident reports were part of the reason that plaintiff was denied an early release from prison.

Finally, plaintiff alleges that on December 12, 2017, defendant Officer Brewer violated his Eighth Amendment rights by using excessive force against plaintiff. Plaintiff claims that Officer Brewer instructed plaintiff to sit on the transportation cart while plaintiff was being taken to the Patient Housing Unit. Plaintiff alleges that Officer Brewer crammed himself right beside plaintiff on the cart. Plaintiff claims that after he turned towards Officer Brewer to ask him to move over, Officer Brewer unexpectedly sprayed pepper spray on plaintiff's arm and face. Plaintiff claims that he suffered burning pain, sleep deprivation, and contamination as a result of the altercation.

///
///
///
///
///
///
///

1

## II. DISCUSSION

2          Plaintiff states cognizable Eighth Amendment excessive force claims against

3   Officer Banuelos, Officer Vang, and Officer Jimenez based on plaintiff's allegation that

4   defendants shoved him into a wall and peppered sprayed him on November 3, 2015. Plaintiff also

5   states a cognizable Eighth Amendment excessive force claim against Officer Brewer based on

6   plaintiff's allegation that Officer Brewer peppered sprayed him without warning or provocation

7   on December 12, 2017.  The Court also finds that plaintiff states a cognizable First Amendment

8   retaliation claim against Officer Banuelos based on his allegations that, after learning plaintiff had

9   filed a grievance, Officer Banuelos falsely amended the charges against plaintiff to include more

10  serious offenses.

11          The Court otherwise finds that plaintiff's claim suffers from two defects. First,

12  plaintiff cannot state a cognizable conspiracy claim because he has not alleged a discriminatory

13  animus behind defendants' actions. Second, has failed to allege sufficient facts to state a

14  cognizable Fourteenth Amendment due process claim against any of the named defendants.

15      **A.      Conspiracy Claim**

16          Plaintiff claims that the defendants engaged in a conspiracy to fabricate evidence

17  and unduly discipline plaintiff for the events of November 3, 2015. The applicable statute for a

18  claim of conspiracy to deprive a person of civil rights is 42 U.S.C. § 1985(3).

19          To state a cause of action under § 1985(3), a complaint must allege (1) a

20  conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or

21  of equal privileges and immunities under the laws, (3) an act by one of the conspirators in

22  furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any

23  right or privilege of a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th

24  Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)); see also Sever v. Alaska

25  Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). "The language requiring intent to deprive of

26  equal protection . . . means that there must be some racial, or perhaps otherwise class-based,

27  invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102; see

28  also RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002); Butler v. Elle, 281

5

1    F.3d 1014, 1028 (9th Cir. 2002) (per curiam); <u>Sever</u>, 978 F.2d at 1536.

2            The Ninth Circuit has extended § 1985(3) "beyond race only when the class in

3    question can show that there has been a governmental determination that its members require and

4    warrant special federal assistance in protecting their civil rights." <u>Sever</u>, 978 F.2d at 1536

5    (citation and internal quotation marks omitted). "More specifically, [the Ninth Circuit] require[s]

6    'either that the courts have designated the class in question a suspect or quasi-suspect

7    classification requiring more exacting scrutiny or that Congress has indicated through legislation

8    that the class required special protection.'" <u>Id.</u> (quoting <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718

9    (9th Cir. 1985) (per curiam)); <u>see also</u> <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005);

10   <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1403 (9th Cir. 1994); <u>Canlis v. San Joaquin Sheriff's</u>

11   <u>Posse Comitatus</u>, 641 F.2d 711, 720 (9th Cir. 1981).

12           Plaintiff's complaint does not specifically invoke § 1985(3) and his allegations of

13   conspiracy are intertwined with his Fourteenth Amendment due process claims (discussed

14   below). However, from the complaint, it is apparent that plaintiff attempts to make out a

15   § 1985(3) conspiracy claim. <u>See</u> ECF No. 1, pgs. 8, 10, 13.  Regardless, plaintiff has failed to

16   demonstrate the discriminatory animus necessary to establish a conspiracy claim. Plaintiff alleges

17   that defendants conspired to hide their previous use of excessive force. <u>See</u> ECF No. 1, pg. 8.

18   Defendants' desire to hide their excessive force does not suggest that they conspired to deprive

19   plaintiff of rights due to his status as a member of a protected class. Because plaintiff has not

20   alleged the violations were motivated by plaintiff's status as a member of a protected class,

21   plaintiff has not stated a cognizable conspiracy claim.

22       **B.       Fourteenth Amendment Due Process Claim**

23           Plaintiff's complaint fails to articulate a cognizable Fourteenth Amendment due

24   process claim related to his disciplinary hearing.  With respect to prison disciplinary proceedings,

25   due process requires prison officials to provide the inmate with: (1) a written statement at least 24

26   hours before the disciplinary hearing that includes the charges, a description of the evidence

27   against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to

28   present documentary evidence and call witnesses, unless calling witnesses would interfere with

1   institutional security; and (3) legal assistance where the charges are complex or the inmate is

2   illiterate.  See Wolff, 418 U.S. at 563-70.  Due process is satisfied where these minimum

3   requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and

4   where there is "some evidence" in the record as a whole which supports the decision of the

5   hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence"

6   standard is not particularly stringent and is satisfied where "there is any evidence in the record

7   that could support the conclusion reached."  Id. at 455-56.

8           1.     Defendants Banuelos, Vang, and Jimenez

9           Plaintiff contends that, after the November 3, 2015 incident, officers Banuelos,

10   Vang, and Jimenez purposefully fabricated their incident report to paint the event as an "assault"

11   perpetrated by plaintiff. See ECF No. 1, pg. 8. To the extent that plaintiff raises a due process

12   claim against these defendants on the grounds that the incident report included false information,

13   he cannot state a claim. See e.g., Dawson v. Beard, 2016 U.S. Dist. LEXIS 38115, 2016 WL

14   1137029 at *5-6 (E.D. Cal. 2016) ("The issuance of a false RVR, alone, does not state a claim

15   under section 1983."); Ellis v. Foulk, 2014 U.S. Dist. LEXIS 131831, 2014 WL 4676530, at *2

16   (E.D. Cal. 2014) (noting that claims of arbitrary action by prison officials are grounded in "'the

17   procedural due process requirements as set forth in Wolff v. McDonnell.'") (quoting Hanrahan v.

18   Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 U.S. Dist. LEXIS 9865,

19   2014 WL 294576, at *2 (N.D. Cal. 2014) ("[T]here is no constitutionally protected right to be free

20   from false disciplinary charges.") (citing Chavira v. Rankin, 2012 U.S. Dist. LEXIS 167423, 2012

21   WL 5914913, at *1 (N.D. Cal. 2012) ("The Constitution demands due process, not error-free

22   decision-making.")); Johnson v. Felker, 2013 U.S. Dist. LEXIS 170474, 2013 WL 6243280, at *6

23   (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false

24   accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise

25   to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)

26   and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986)).

27   ///

28   ///

Here, plaintiff's due process claim against Banuelos, Vang, and Jimenez rests entirely on the allegation that they submitted an incident report containing false information. Therefore, plaintiff has failed to state a cognizable due process claim against these defendants.

2.  Defendants Haynie and Peterson

Plaintiff claims that defendants Haynie and Peterson deprived him of due process by affirming the findings of the Senior Hearing Officer at plaintiff's disciplinary hearing. However, the factual allegations surrounding plaintiff's due process claims are underdeveloped.

Plaintiff claims that the Senior Hearing Officer at his hearing refused to accept multiple inmate-affidavits in support of his defense. Plaintiff claims that this refusal stemmed solely from the fact that he assisted these inmate-witnesses in spelling and writing-out their personally signed statements. Plaintiff potentially makes out a valid due process claim against the Senior Hearing Officer.  Plaintiff does not, however, identify the officer, nor name the officer as a defendant to this action.

As concerns defendant Haynie, plaintiff does not adequately allege the officer deprived plaintiff of any procedural guarantees during review of his disciplinary sentence. A hearing officer's determination is valid where "there is any evidence in the record that could support the conclusion reached." Hill, 472 U.S. at 455.  According to plaintiff, Haynie interviewed all parties involved in the November 3, 2015, incident and determined that the Senior Hearing Officer's ruling was proper. See ECF No. 1, pgs. 9-10. Therefore, it appears that Haynie's determination was neither arbitrary nor malicious. To the extent plaintiff disagrees, the complaint is devoid of factual allegations which would plausibly entertain an alternative due process theory.

As concerns defendant Peterson, plaintiff's complaint fails to adequately describe defendant's involvement in the alleged deprivation of his rights. Defendant Peterson is described as the "Chief Disciplinary Officer" who reviewed plaintiff's file after his disciplinary hearing. However, it is unclear when this review took place, particularly in relation to defendant Haynie's review. Also, plaintiff does not mention what specific actions Peterson took besides reviewing the Senior Hearing Officer's findings. Plaintiff claims that this review affirmed an unconstitutional

1    disciplinary determination. However, all allegations concerning defendant Peterson are either

2    vague or conclusory. Therefore, plaintiff shall be granted leave to amend his complaint and

3    provides additional context for his due process claims.

4

5                                    **III.  CONCLUSION**

6            Because it is possible that the deficiencies identified in this order may be cured by

7    amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

8    1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

9    amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

10   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the

11   prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An

12   amended complaint must be complete in itself without reference to any prior pleading.  See id.

13           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

16   each named defendant is involved, and must set forth some affirmative link or connection

17   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

18   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19           Because the complaint appears to otherwise state cognizable claims, if no amended

20   complaint is filed within the time allowed therefor, the Court will issue findings and

21   recommendations that the claims identified herein as defective be dismissed, as well as such

22   further orders as are necessary for service of process as to the cognizable claims.

23           Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended

24   complaint within 30 days of the date of service of this order.

25

26   Dated:  August 28, 2020

27                                                _____
                                                 DENNIS M. COTA
28                                               UNITED STATES MAGISTRATE JUDGE

                                                    9