1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THEON OWENS, | No.  2:19-CV-1683-MCE-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| D. BANUELOS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 31.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff contends the following factors warrant appointment of counsel:

a.     He is incarcerated.

b.     He reads at a fifth-grade level and requires special accommodations to achieve effective communications.

c.     Without special accommodation, he may struggle to understand.

d.     His complaint is complex in that it raises a number of legal claims against a number of defendants.

e.     The complaint alleges excessive force, which may require a "use of force expert."

f.     The case will require a considerable amount of discovery.

g.     He has limited access to certain documents, including peace officer records.

h.     There may be conflicting testimony.

i.     He does not have a GED or high school diploma.

j.     He has been relocated to a different institution and cannot interview witnesses to the incident alleged in the complaint.

k.     He is currently diagnosed with a "serious mental disorder" and is currently taking "several different medications. . . ."

l.     He does not know the local rules of court or the Federal Rules of Civil Procedure.

m.     Defendants are represented by experienced counsel.

n.     He will suffer prejudice in the presentation of his case absent appointed counsel.

o.     He has stated cognizable claims.

p.     He is indigent.

1       q.      He is likely to prevail on the merits and is unable to articulate himself.

2               ECF No. 31, pgs. 10-14.

3    With his motion, Plaintiff has submitted documentation indicating that, as of May 2020, Plaintiff

4    has bipolar disorder and that the prison considers Plaintiff significantly impaired.  See id. at 75.

5               With the exception of Plaintiff's mental health issues, the factors cited by Plaintiff

6    are common to most inmates and, thus, are not extraordinary.  Additionally, the Court finds that,

7    despite Plaintiff's mental health issues, he has been able to clearly articulate himself, as

8    evidenced by the extensive motion for counsel currently before the Court.  Further, contrary to

9    Plaintiff's contention, the legal and factual issues in this case do not appear overly complex.

10   There is no indication at this point that the case will require a considerable amount of discovery.

11              As to Plaintiff's mental health issues, while documentation submitted with the

12   motion supports Plaintiff's contention that he does in fact suffer from mental health problems,

13   specifically bipolar disorder, Plaintiff has not established the degree of limitation imposed by this

14   condition.  Notably, documentation attached to the current motion indicates that he is being

15   provided reasonable accommodations by prison officials.  Thus far in the litigation, it appears the

16   accommodations provided have allowed Plaintiff to complete filings on time and in a cogent way.

17              Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

18   appointment of counsel, ECF No. 31, is denied.

19

20   Dated:  September 14, 2021

21                                                          _____
                                                            DENNIS M. COTA
22                                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                    3