1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 THEON OWENS,                                    No.  2:19-CV-1683-MCE-DMC-P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14 D. BANUELOS, et al.,

15              Defendants.

16

17        Plaintiff, a former prisoner proceeding pro se, brings this civil rights action

18 pursuant to  42 U.S.C. § 1983.  Pending before the Court are Defendants' motion to dismiss and

19 motion for misjoinder of parties, ECF No. 53, Plaintiff's opposition, ECF No. 56, and

20 Defendants' reply, ECF No. 57.

21

22                          **I. PLAINTIFF'S ALLEGATIONS**

23        Plaintiff names the following as defendants:  (1) D. Banuelos, correctional officer

24 at California State Prison-Sacramento (CSP-SAC); (2) R. Jimenez, correctional officer at CSP-

25 SAC; (3) M. Vang, correctional officer at CSP-SAC; (4) R. Haynie, second level reviewer at

26 CSP-SAC; (5) A. Brewer, correctional officer at CSP-SAC; (6) J. Peterson, chief disciplinary

27 officer at CSP-SAC; and (7) J.A. Baker, senior hearing officer at CSP-SAC.  See ECF No. 29, pg.

28 3-4.

Plaintiff claims that on November 3, 2015, Defendants Banuelos, Jimenez and Vang committed battery upon Plaintiff and violated Plaintiff's Eighth Amendment rights when Defendant Banuelos allegedly reached through the cuff port in Plaintiff's cell, grabbed Plaintiff's handcuffs and pulled Plaintiff's entire left arm and hand completely through the cuff port, slamming Plaintiff's whole body into the cell door.  See id. at 6.  Defendants Vang and Jimenez allegedly pepper-sprayed Plaintiff.  See id. at 6-7.  Defendant Jimenez grabbed Plaintiff's left hand bending it at the wrist, and Defendant Jimenez further harmed Plaintiff "by gouging [Defendant Jimenez's] fingers into [Plaintiff's] left arm and dragging them down [Plaintiff's] entire left arm."  Id. at 7.

Plaintiff also claims that Defendant Banuelos, Jimenez, and Vang violated his due process rights by making a false charge against Plaintiff for assaulting a peace officer and reiterating their false claims against Plaintiff at a disciplinary hearing that took place on December 9, 2015.  See id. 8-10.

According to Plaintiff, Defendant Baker violated his due process rights during the December 9, 2015, disciplinary hearing by denying Plaintiff an opportunity to call live witnesses in support of his defense and refusing to consider affidavits signed by Plaintiff's witnesses because Plaintiff assisted his witnesses in preparation of their affidavits.  See id. at 11-15.

Additionally, Plaintiff claims that Defendant Peterson violated his due process rights on December 30, 2015, by affirming actions taken by Defendant Baker during Plaintiff's disciplinary hearing and upholding Plaintiff's guilty finding despite clear due process violations during Plaintiff's December 9, 2015, disciplinary hearing.  See id. at 14-15.  Plaintiff also claims that Defendant Peterson was negligent in the retention and supervision of Defendant Baker, who Plaintiff claims was unfit to preside over his December 9, 2015, disciplinary hearing.  See id. at 27-28.

Plaintiff further asserts a claim for supervisory liability against Defendant Peterson based on Defendant Baker's purported due process violations during Plaintiff's December 9, 2015, disciplinary hearing.  See id. at 29-31.

///

2

1    Plaintiff also asserts a supervisory liability claim against Defendant Haynie, who,

2    according to Plaintiff, acted as the decision-maker at the second level of review of Plaintiff's

3    appeal of his disciplinary conviction during the December 9, 2015, disciplinary hearing held

4    before Defendant Baker.  See id. at 21-25.

5    Plaintiff also alleges that on November 28, 2015, Defendant Banuelos became

6    aware of Plaintiff's grievance against Defendants Banuelos, Jimenez, and Vang related to their

7    purported excessive use of force on November 3, 2015, confronted Plaintiff about that grievance

8    and told Plaintiff that he is going to suffer.  See id. at 16-18.  According to Plaintiff, Defendant

9    Banuelos then violated his First Amendment rights during the new June 18, 2016, disciplinary

10   hearing on Plaintiff's charge of assaulting a peace officer by changing his original allegation that

11   Plaintiff attempted to grab his right hand to more serious charge that Plaintiff grabbed and pulled

12   his hand through the food port.  See id. at 26.

13   Finally, Plaintiff claims that Defendant Brewer committed battery on Plaintiff and

14   violated his Eighth Amendment rights on December 12, 2017, by pepper-spraying Plaintiff

15   without warning or provocation.  See id. at 19-20, 32-33.  Plaintiff does not allege that the

16   purported misconduct by Defendant Brewer had anything to do with the events giving rise to

17   Plaintiff's claims against the other Defendants named in this lawsuit.  See id.

18   Defendants move to dismiss Plaintiff's state tort claims and move for misjoinder

19   as to Defendant Brewer.

20

21                                **III. MOTION TO DISMISS**

22                       A. Standard of Review

23   In considering a motion to dismiss, the Court must accept all allegations of

24   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

25   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

26   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

27   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

28   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

                                                3

395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

4

1    Further, leave to amend must be granted "[u]nless it is absolutely clear that no

2    amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4    B. Government Claims Act

5    "The Government Claims Act requires that a tort claim against a public entity or

6    its employees be presented to the California Victim Compensation and Government Claims

7    Board no more than six months after the cause of action accrues." Shead v. Vang, 2015 WL

8    6082429, at *2 (E.D. Cal. Oct. 15, 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4,

9    950, 950.2).  A claim for negligent retention and supervision must be presented to the Claims

10   Board within one year of accrual.  Cal. Gov't Code § 911.2(a).  "As a general rule, a claim

11   accrues 'when a plaintiff knows or has reason to know of the injury which is the basis of his

12   action.'" Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008) (citing Gibson v. United

13   States, 781 F.2d 1334, 1344 (9th Cir. 1986)).  "[C]ompliance with the Government Claims Act is

14   an element of Plaintiff's state law tort claims which he is required to prove." Shead, 2015 WL

15   6082429, at *3 (citing DiCampli-Mintz v. Cty. of Santa Clara, 289 P.3d 884, 888 (Cal. 2012));

16   see also Lopez v. Cate, 2015 WL 1293450, at *13 (E.D. Cal. March 23, 2015) (citing Shirk v.

17   Vista Unified Sch. Dist., 164 P.3d 630 (Cal. 2007) (stating "Timely claim presentation is not

18   merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an

19   action against defendant and thus an element of the plaintiff's cause of action.").

20   Plaintiff has not demonstrated compliance with the Government Claims Act with

21   regard to any of his state law claims.  Plaintiff fails to mention submitting anything to the Claims

22   Board at all.  Defendants argue that Plaintiff has not submitted any claim to the Claims Board

23   related to Plaintiff's tort claims.  Defendants request the Court take judicial notice of this fact.

24   However, the Court declines to take judicial notice.

25   Defendants' supporting evidence is suspect.  Defendants provide evidence

26   showing that two claims filed with the Claims Board in 2016 and 2017 are irrelevant for purposes

27   of the case before the Court.  See generally ECF No. 54.  This appears to be true.  However, a

28   claim filed by Plaintiff with a "Loss Date" of "1/1/1900" is of particular concern.  See ECF No.

54, pg. 8.  This date must be typographical error, and Defendants have not provided the Court any information regarding this claim.  It could be the case that Claim No. 17002625 with the "Loss Date" of "1/1/1900" was a claim submitted to the Claims Board by Plaintiff concerning the facts of the case before the Court.   Therefore, Defendants' request for judicial notice is denied.

The Undersigned recommends dismissing Plaintiff's state tort claims and that Plaintiff be provided an opportunity to amend demonstrating compliance with the Government Claims Act.

### III. MISJOINDER

Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit.  Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Rule 20(a)(2) states:  "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18.  See Herndon v. Mich. Dep't of Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action.  It is not concerned with joinder of claims, which is governed by Rule 18.  Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476,

at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)).

As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).

1  Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does

2  not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.

3  And even if a court finds that the requirements have been met, "a district court must examine

4  whether permissive joinder would 'comport with principles of fundamental fairness' or would

5  result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th

6  Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not

7  abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

8         Here, Plaintiff fails to meet either of the requirements of Rule 20.  There is no

9  logical connection between the allegations against Defendant Brewer and the allegations against

10  the other Defendants.  The only commonality between them is the use of pepper spray.  The two

11  events occurred more than two years apart, in different locations, and the defendants alleged to be

12  involved in one are not alleged to be involved in the other.  Plaintiff has failed in showing how

13  Defendant Brewer's conduct is connected with the rest of Plaintiff's claims.

14         Additionally, the only common question is of law, an Eighth Amendment violation

15  for using excessive force.  However, as stated above, "the mere fact that all [of a plaintiff's]

16  claims arise under the same general law does not necessarily establish a common question of law

17  or fact." Coughlin, 130 F.3d at 1351.  Therefore, the Undersigned recommends finding

18  misjoinder.

19         Under Rule 21, where a court finds misjoinder, it may "drop a party" or "sever any

20  claim against a party" as it considers just, but it may not dismiss the entire action.  Fed. R. Civ. P.

21  21.  In other words, where there is misjoinder, a court "has two remedial options:  (1) misjoined

22  parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties

23  'may be severed and proceeded with separately.'" DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d

24  Cir. 2006); see, e.g., Gilmore v. Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at

25  *3 (E.D. Cal. Feb. 18, 2021) (dismissing severed claims without prejudice); see also Harrison v.

26  Linde, No. 2:12-CV-2000 KJM CKD, 2013 WL 3872833, at *1 (E.D. Cal. July 25,

27  2013) (directing the clerk of court to assign a new case number for the severed claims).  In

28  determining which of the two remedial options should be applied, the court should consider the

1  following factors, inter alia:  (1) the relevant statute of limitations; (2) where the parties are in the

2  discovery process; and (3) the past and future expenditures of both the court and the parties.  See

3  Robinson v. Geithner, No. 1:05-CV-01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10,

4  2011).  The remedial option the court chooses could have critical effects.

5  For example, "[w]hen a court 'drops' a defendant under Rule 21, that defendant is

6  dismissed from the case without prejudice.  DirecTV, Inc., 467 F.3d at 845 (citing Publicker

7  Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)); see also Elmore v.

8  Henderson, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.).  "When that occurs, the 'statute

9  of limitations is not tolled' because we treat the initial complaint 'as if it never

10  existed."  DirecTV, Inc., 467 F.3d at 845 (citing Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir.

11  2005).  However, "when a court 'severs' a claim against a defendant under Rule 21, the suit

12  simply continues against the severed defendant in another guise.  The statute of limitations is held

13  in abeyance, and the severed suit can proceed so long as it initially was filed within the

14  limitations period."  DirecTV, Inc., 467 F.3d at 845 (citing White v. ABCO Eng'g Corp., 199

15  F.3d 140, 145 n. 6 (3d Cir. 1999)); see also Jenkins v. Lares, No. 2:13-CV-2273-DB, 2017 WL

16  3381809 at *6-7 (E.D. Cal. Aug. 7, 2017).

17  Additionally, severance or dismissal of misjoined parties in cases brought by

18  inmates under 28 U.S.C. § 1915(g) ensures that prisoners pay the required filing fees for each

19  unrelated claim that should be brought in separate actions.  George v. Smith, 507 F.3d 605, 607

20  (7th Cir. 2007).  The inmate plaintiff in George brought a 50-claim, 24-defendant lawsuit and

21  sought one fee waiver for the entire case.  Id.  In severing the case, the Court of Appeals for the

22  Seventh Circuit noted that the inmate "was trying not only to save money, but also to dodge [28

23  U.S.C. § 1915(g)]."  Id.  Thus, the rule requiring severance of unrelated claims against unrelated

24  defendants "is not only intended to avoid confusion that arises out of bloated lawsuits, but also to

25  prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform

26  Act."  Blair v. CDCR, et al., No. 1:14-cv-01156-LJO-SAB, 2016 WL 5660320, at *14 (E.D. Cal.

27  Jul. 15, 2016), report and recommendation adopted by, No. 1:14-cv-01156-LJO-SAB, 2016 WL

28  5470190 (E.D. Cal. Sept. 28, 2016).

1    　　　　The actual severance of claims may be effectuated by assigning claims to case

2    numbers.  See Jenkins, 2017 WL 3381809 at 7*.  For example, in Jenkins the court severed the

3    case into four separate actions, i.e., four separate claims.  Id.  The court assigned the case number

4    of the original action to the plaintiff's first claim.  Id.  The court then directed the clerk of court to

5    assign the three remaining claims to three different case numbers.  Id.

6    　　　　Severance of the claims is in order.  Plaintiff's claims against Defendant Brewer

7    accrued December 12, 2017.  See ECF No. 29, pg. 19-20.  Defendants state that Plaintiff's Eighth

8    Amendment claim would be barred after four years.  See ECF No. 53-1, pg. 12.  The deadline to

9    file Plaintiff's Eighth Amendment claim, December 12, 2021, has passed.  Plaintiff's claims

10   against Brewer could be prejudiced if Brewer is dropped as a defendant as opposed to severing

11   the claims against Brewer.  Thus, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the

12   Undersigned recommends severing Plaintiff's claims against Defendant Brewer and directing the

13   Clerk of Court to assign a new case number for all claims against Defendant Brewer.

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

**IV. CONCLUSION**

2
 Based on the foregoing, the Undersigned recommends that:

3
 1. Defendants' motion to dismiss Plaintiff's state tort claims be

4
granted;

5
 2. Plaintiff have an opportunity to amend as to his state law tort

6
claims;

7
 3. Defendants' motion for misjoinder be granted; and

8
 4. Clerk of Court assign a new case number for all claims against

9
Defendant Brewer.

10
 These findings and recommendations are submitted to the United States District

11
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12
after being served with these findings and recommendations, any party may file written objections

13
with the Court.  Responses to objections shall be filed within 14 days after service of objections.

14
Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

15
Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17
Dated:  July 1, 2022

18
 DENNIS M. COTA

19
 UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28