**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THEON OWENS,

        Plaintiff,

    v.

D. BANUELOS, et al.,

        Defendants.

No.  2:19-CV-01683-MCE-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss Plaintiff's second amended complaint (SAC), ECF No. 68.  Plaintiff has filed an opposition, ECF No. 73.  Defendants have filed a reply to Plaintiff's opposition, ECF No. 76.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

4    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

5    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

6    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

7    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

8    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

9    allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

10   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id.  at

11   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

12   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

13   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

14   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

15   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

16   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

17   to relief." Id. (quoting Twombly, 550 U.S. at 557).

18           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

19   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

20   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

21   documents whose contents are alleged in or attached to the complaint and whose authenticity no

22   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

23   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

24   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

25   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

26   1994).

27   / / /

28   / / /

1    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2    amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4

5                                     **I. PLAINTIFF'S ALLEGATIONS**

6            Plaintiff names the following as defendants: (1) D. Banuelos, correctional officer

7    at California State Prison-Sacramento (CSP-SAC); (2) R. Jimenez, correctional officer at CSP-

8    SAC; (3) M. Vang, correctional officer at CSP-SAC; (4) R. Haynie, second level reviewer at

9    CSP-SAC; (5) J. Peterson, chief disciplinary officer at CSP-SAC; and (6) J.A. Baker, senior

10   hearing officer at CSP-SAC.  See ECF No. 63, pg. 3-4, 11-12.

11           Plaintiff claims that on November 3, 2015, Defendants Banuelos, Jimenez, and

12   Vang committed battery upon Plaintiff and violated Plaintiff's Eighth Amendment rights when

13   Defendant Banuelos allegedly reached through the food port in Plaintiff's cell, grabbed Plaintiff's

14   handcuffs, and pulled Plaintiff's entire left arm and hand completely through the port, slamming

15   Plaintiff's whole body into the cell door.  See id. at 6.  Defendants Vang and Jimenez allegedly

16   pepper-sprayed Plaintiff.  See id. at 6-7.  Defendant Jimenez grabbed Plaintiff's left hand bending

17   it at the wrist, and Defendant Jimenez further harmed Plaintiff "by gouging his fingers into

18   [Plaintiff's] left arm and dragging them down [Plaintiff's] entire left arm."  Id. at 7.

19           Plaintiff also claims that Defendant Banuelos and Vang violated his due process

20   rights by making a false rules violation report (RVR) against Plaintiff for assaulting a peace

21   officer and reiterating their false claims against Plaintiff at a disciplinary hearing that took place

22   on December 9, 2015.  See id. at 8-9.

23           According to Plaintiff, Defendant Baker violated his due process rights during the

24   December 9, 2015, disciplinary hearing by denying Plaintiff an opportunity to call live witnesses

25   in support of his defense and refusing to consider affidavits signed by Plaintiff's witnesses

26   because Plaintiff assisted his witnesses in preparation of their affidavits.  See id. at 10-11.

27   / / /

28   / / /

1    Additionally, Plaintiff claims that Defendant Peterson violated his due process

2    rights on December 30, 2015, by affirming actions taken by Defendant Baker during Plaintiff's

3    disciplinary hearing and upholding Plaintiff's guilty finding despite clear due process violations

4    during Plaintiff's December 9, 2015, disciplinary hearing.  See id. at 11-12.

5    Plaintiff also asserts a supervisory liability claim against Defendant Haynie, who,

6    according to Plaintiff, acted as the decision-maker at the second level of review of Plaintiff's

7    appeal of his disciplinary conviction after he appealed the December 9, 2015, disciplinary hearing

8    held before Defendant Baker.  See id. at 17-18.

9    Plaintiff further alleges that on November 28, 2015, Defendant Banuelos became

10   aware of Plaintiff's grievance against Defendants Banuelos, Jimenez, and Vang related to their

11   purported excessive use of force on November 3, 2015, confronted Plaintiff about that grievance

12   and told Plaintiff that he is going to suffer.  See id. at 13-14.  According to Plaintiff, Defendant

13   Banuelos then violated Plaintiff's First Amendment rights during the new June 18, 2016,

14   disciplinary hearing on Plaintiff's charge of assaulting a peace officer by changing his original

15   allegation that Plaintiff attempted to grab his right hand to more serious charge that Plaintiff

16   grabbed and pulled his hand through the food port.  See id. at 14.

17

18                              **II. DISCUSSION**

19   Defendants move to dismiss Plaintiff's Fourteenth Amendment due process claim,

20   First Amendment retaliation claim, Plaintiff's Bane Act claim, and his supervisor liability claim.

21   See ECF No. 68-1.  Specifically, Defendants argue: (1) Plaintiff fails to allege sufficient facts to

22   establish a due process claim against any defendant; (2) Plaintiff fails to state a First Amendment

23   retaliation claim against any defendant because Plaintiff has not allege a chilling of protected

24   activity; (3) Plaintiff's state law claim under the Bane Act should be dismissed because Plaintiff

25   fails to allege compliance with California's tort claims act; and (4) Plaintiff cannot sustain a claim

26   against Defendant Haynie, who is a supervisory official, arising from the prison grievance

27   process.

28   Defendants do not challenge the sufficiency of Plaintiff's Eighth Amendment excessive force

4

1   claims against Banuelos, Jimenez, and Vang arising from the November 3, 2015, incident.

2         **A.**       **Due Process Claims**

3         Defendants argue that Plaintiff does not have an actionable Fourteenth

4   Amendment due process claim against any defendant because any procedural defects in the

5   disciplinary hearings and reviews conducted by Defendants were corrected by the eventual grant

6   of administrative appeal and Plaintiff's exoneration of the charges. ECF No. 68-1 at 5-6.

7         With respect to prison disciplinary proceedings, due process requires prison

8   officials to provide the inmate with: (1) a written statement at least 24 hours before the

9   disciplinary hearing that includes the charges, a description of the evidence against the inmate,

10   and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

11   evidence and call witnesses, unless calling witnesses would interfere with institutional security;

12   and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418

13   U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see

14   Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the

15   record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,

16   472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is

17   satisfied where "there is any evidence in the record that could support the conclusion reached."

18   Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result

19   of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by

20   way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

21         Defendants argue:

22         Here, Plaintiff alleges due process violations related to a
23   disciplinary hearing in connection with Plaintiff's RVR for assaulting a
    peace officer where Plaintiff was found guilty of the charged offense.
    (ECF No. 63 at 8-12.) Plaintiff's SAC, however, makes it clear that
24   Plaintiff's third-level appeal of the disciplinary finding was granted,
    Plaintiff's guilty charge was overturned, the RVR was ordered re-issued
25   and reheard, and Plaintiff was subsequently exonerated of his charges. (*Id.*
    at 12 and 19.)
26         Since Plaintiff's administrative appeal of the disciplinary findings
    was granted at the Third Level of Review, thus correcting any procedural
27   defects in the disciplinary hearing conducted by Defendant Baker and the
    subsequent review of the disciplinary findings by Defendants Peterson and
28   Haynie, Plaintiff has no actionable due process claims against these

1    Defendants, and the Court should dismiss Plaintiff's Fourteenth
     Amendment due process claims against Defendants Baker and Peterson
2    for failure to state a claim. . . .

3    ECF No. 68-1, pgs. 5-6.

4    The Court agrees.  As Defendants note in their brief, the rules violation report was

5    ultimately decided in Plaintiff's favor, thereby extinguishing any claims of due process violations

6    arising from the disciplinary process.  See Torricellas v. Poole, 954 F. Supp. 1405, 1414 (C.D.

7    Cal. 1997) ("Because the disciplinary action was dismissed on administrative appeal and plaintiff

8    was not subject to any discipline or loss of credits, any procedural defects in the disciplinary

9    hearing are not compensable. It is, therefore, not necessary to analyze the process provided to

10   plaintiff."), aff'd, 141 F.3d 1179 (9th Cir. 1998) (unpublished); Williams v. Hampton, 2020 WL

11   3498170, at *7 (S.D. Cal. June 26, 2020) (finding that plaintiff's claims of due process violations

12   arising from his first disciplinary hearing are moot in light of the grant of a new hearing which

13   resulted in a not guilty verdict); Brown v. Marshall, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1,

14   2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary

15   proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules

16   violation charge against him.").

17   Plaintiff's due process claims should be dismissed with prejudice.

18   **B.      Retaliation Claims**

19   Defendants argue: (1) Plaintiff does not present a viable First Amendment

20   retaliation claim because Plaintiff does not allege a chilling effect on Plaintiff's First Amendment

21   activities; and (2) Plaintiff does not show that he suffered some other harm that is more than

22   minimal because the RVR on his record was decided in Plaintiff's favor and was not the

23   proximate cause of the Board of Prison Terms' decision to deny Plaintiff early release.  ECF No.

24   68-1, pgs. 6-8.

25   In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must

26   establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

27   action was not related to a legitimate penological purpose, such as preserving institutional

28   security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

1    this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

2    exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

3    Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

4    show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

5    the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

6    Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must

7    establish the following in order to state a claim for retaliation: (1) prison officials took adverse

8    action against the inmate; (2) the adverse action was taken because the inmate engaged in

9    protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

10    adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

11          As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not

12    alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm

13    that is more than minimal will almost always have a chilling effect."  Id. at n.11.  By way of

14    example, the court cited Pratt in which a retaliation claim had been decided without discussing

15    chilling.  See id.  This citation is somewhat confusing in that the court in Pratt had no reason to

16    discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate

17    penological interests.  See Pratt, 65 F.3d at 808-09.  Nonetheless, while the court has clearly

18    stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse

19    action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also

20    Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action

21    which is more than minimal satisfies this element.

22          While the Court does not find Defendants' first argument concerning chilling to be

23    persuasive, Defendants' second argument is dispositive.  Plaintiff claims that the RVR was

24    retaliatory.  However, the RVR was re-issued, re-heard, and ultimately resulted in a decision in

25    Plaintiff's favor.  In essence, any retaliatory adverse action which could have arisen from

26    issuance and re-issuance of the RVR was nullified by the ultimate decision on the RVR and any

27    materials associated with it which might have been in Plaintiff's file would not have been

28    factored into the decision to deny parole.  Plaintiff has thus failed to allege an adverse action

1    which is more than minimal.

2            Plaintiff's retaliation claims should be dismissed with prejudice.

3        **C.    Bane Act Claims**

4            Defendants characterize Plaintiff's fourth claim for relief as state law claims under

5    the Bane Act and argue that the claim should be dismissed with prejudice because Plaintiff has

6    not alleged compliance with California's Government Claims Act.  ECF No. 68-1, pgs. 8-9.

7            The Court agrees.  The Court had previously dismissed Plaintiff's state law claim

8    because he failed to allege compliance with the Government Claims Act.  See ECF No. 62.

9    Plaintiff was granted leave to amend to allege, if he can, compliance.  Plaintiff's second amended

10   complaint continues to fail to allege compliance.  Plaintiff's state law claims should be dismissed

11   with prejudice.   See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for

12   claims against the State, timely presentation of a claim under the Government Claims Act is an

13   element of the cause of action and must be pled in the complaint); see also Cal. Gov't Code §

14   900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board,

15   commission or agency of the State claims against which are paid by warrants drawn by the

16   Controller").

17       **D.    Supervisor Liability**

18           Defendants argue that Plaintiff's supervisor liability claim against Defendant

19   Haynie fails because Plaintiff does not allege facts showing Defendant Haynie's person

20   involvement in a constitutional violation.  ECF No. 68-1, pgs. 9-10.

21           Supervisory personnel are generally not liable under § 1983 for the actions of their

22   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

23   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

24   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

25   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

26   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

27   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

28   and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

1    personnel who implement a policy so deficient that the policy itself is a repudiation of

2    constitutional rights and the moving force behind a constitutional violation may, however, be

3    liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

4    Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

5              When a defendant holds a supervisory position, the causal link between such

6    defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

7    Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

8    1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

9    civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

11   official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

12             The Court agrees with Defendants' argument both because he did not plead that

13   Defendant Haynie was directly involved with the initial depravation of due process rights—when

14   he was found guilty of the Rules Violation Report—and because Plaintiff does not allege that

15   Defendant Haynie was even a supervisor of Defendants Baker and Peterson.

16             For these reasons, the Court recommends granting Defendants' motion to dismiss

17   Plaintiff's supervisor liability claims against Defendant Haynie.  Defendant Haynie's involvement

18   in reviewing and denying Plaintiff's initial administrative appeal cannot form the basis of

19   liability.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (upholding the district court's

20   finding that "because inmates have no constitutional right to a prison grievance system, the

21   actions of the prison officials in reviewing his internal appeal cannot create liability under §

22   1983").

23             Defendant Haynie should be dismissed with prejudice.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    ///

2                          **III.  CONCLUSION**

3              Based on the foregoing, the undersigned recommends as follows:

4              1.      Defendants' motion to dismiss, ECF No. 68, be GRANTED.

5              2.      Plaintiff's due process claims be DISMISSED with prejudice.

6              3.      Plaintiff's retaliation claims be DISMISSED with prejudice.

7              4.      Plaintiff's state law claims be DISMISSED with prejudice.

8              5.      Haynie be DISMISSED with prejudice as a defendant to this action.

9              6.      This action proceed on the second amended complaint on Plaintiff's Eighth

10   Amendment excessive force claims against Defendants Banuelos, Jimenez, and Vang arising

11   from the November 3, 2015, incident and that Defendants Banuelos, Jiminez, and Vang be

12   required to file an answer.

13            These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court.  Responses to objections shall be filed within 14 days after service of

17   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

18   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20   Dated:  February 21, 2024

21                                                    _____
                                                      DENNIS M. COTA
22                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                 10